24-1517-cv
*Antrobus v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges.*

---

André K. Antrobus,

> *Plaintiff-Appellant,*

v.                                                                                  **24-1517-cv**

City of New York,

> *Defendant-Appellee,*

v.

The City of New York Department of Sanitation,

> *Defendant.*\*

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFF-APPELLANT:        André K. Antrobus, pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:        Lauren L. O'Brien, Assistant Corporation Counsel (Jamison Davies, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

André K. Antrobus, pro se, appeals from the district court's grant of summary judgment to the City of New York on his Title VII sex discrimination claim. Antrobus, a clerical associate at the City's Department of Sanitation, alleges that the City engaged in sex discrimination when it promoted women rather than him to a computer associate position. The district court dismissed Antrobus's Title VII claim and declined to exercise supplemental jurisdiction over his sex discrimination claims under the New York State Human Rights Law and the New York City Human Rights Law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary

judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

Under "the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)," a plaintiff making a Title VII claim of sex-based discrimination must first "establish a *prima facie* case of sex discrimination." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74–75 (2d Cir. 2016) (cleaned up). "If the plaintiff successfully establishes a *prima facie* case," the burden of production shifts "to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action." *Id.* (quotation marks omitted). "If the employer carries that burden, the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Id.* (quotation marks omitted).

Assuming without deciding that Antrobus has established a *prima facie* case, we conclude that the City has met its burden of production and that Antrobus has failed to adduce admissible evidence suggesting the personnel decisions at issue were motivated by sex discrimination.

3

First, the City has proffered a "legitimate, nondiscriminatory reason" for its promotion decisions here. The City states that it promoted the women because they ranked above Antrobus on the City's list of candidates eligible for promotion. That reason is consistent with both the notice of the education and experience exam governing eligibility for promotions and the City's response to Antrobus's administrative complaint of discrimination.

The exam notice informs candidates that if they pass the exam and are marked eligible, they "will be given a list number" and "considered for promotion when [their] name is reached on the eligible list." Case No. 1:19-cv-6277, ECF No. 59-1, at 10 (E.D.N.Y. Dec. 7, 2023). The City's response to the administrative complaint confirms that it followed this policy here. *See* App'x at 43 ("Ms. Chan and Ms. Hicks were both appropriately considered and selected for promotion ahead of Mr. Antrobus" because "Ms. Chan and Ms. Hicks both had list numbers higher than Mr. Antrobus.").

Antrobus and the female candidates all earned a perfect score on the exam, so the City computed their placement on the eligibility list for administrative purposes based on their social security numbers, consistent with City regulations. There is no evidence that the City did anything other than promote candidates in order of their appearance on the list. Nor is there evidence that the City departed from this policy in other cases where, as here, the top-ranked candidates earned the same exam score and were assigned

4

rankings derived from their social security numbers.

Second, Antrobus has presented no admissible evidence suggesting that the City's promotion decisions were motivated by sex discrimination.  He speculates, for instance, that the female candidates were promoted because the Department of Sanitation's human resources directors are female and that the City doctored its exhibits to hide evidence of sex discrimination.  But such conclusory allegations, unsupported by admissible evidence, do not create a triable issue of fact as to sex discrimination.

We have considered Antrobus's remaining arguments and find them to be without merit.  We thus **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court